IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICIA A. SHEETZ, et al., :
    Plaintiffs :
    : No. 4:15-cv-02210
    v. :
    : (Judge Kane)
WAL-MART STORES, EAST, L.P., :
    Defendant :

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court is a motion in limine to preclude any evidence of the subsequent grouping of shoe benches pursuant to Federal Rule of Evidence 403 and 407, filed by Defendant Wal-Mart Stores, East, L.P., in anticipation of a jury trial scheduled for November 6, 2017. (Doc. No. 44.)

Defendant moves to preclude Plaintiffs Patricia A. Sheetz ("Mrs. Sheetz"), and her husband Richard H. Sheetz, Jr. (collectively referred to herein as "Plaintiffs"), from introducing at trial a photograph taken in the summer of 2014[1] of shoe benches configured together at the end of a shoe aisle in the Wal-Mart Store located at 167 Hogan Boulevard, Mill Hall, Pennsylvania. Accordingly to Defendant, Plaintiffs' private investigator visited the Wal-Mart Store in May or June of 2014 and photographed the shoe benches situated in the aisles between rows of shoes, as had existed at the time of Mrs. Sheetz's fall in December of 2013. In addition, the investigator photographed three shoe benches that had been placed together at the end of a shorter aisle. Defendant urges the Court to exclude the photograph of the shoe benches grouped in the rear of the shoe department under Federal Rule of Evidence 403 because such evidence

---

[1] At an in limine hearing conducted on October 23, 2017, counsel for Plaintiffs represented to the Court that the photographs at issue here were taken in May or June of 2014, not November of 2014 as stated in the motion in limine.

holds no probative value, as Mrs. Sheetz "did not fall in or around the area where the shoe benches were grouped." Alternatively, Defendant argues that the photograph depicting the clustered arrangement of shoe benches constitutes evidence of a remedial measure implemented subsequent to Mrs. Sheetz' fall, and thus, is inadmissible under Federal Rule of Evidence 407.

Plaintiffs oppose the motion in limine. (Doc. No. 54.) In response to Defendant's motion in limine, Plaintiffs dispute Defendant's position that Federal Rule of Evidence 403 compels exclusion of the photograph of the grouped benches at trial. Relying on Federal Rule of Evidence 406, Plaintiffs argue that the photograph is relevant in that it constitutes evidence of Wal-Mart's routine practice of placing benches haphazardly throughout its shoe aisles, which is further buttressed by the testimony of Ms. Jackqueline Lucas ("Ms. Lucas"), the supervisor of Wal-Mart's shoe department, that the benches were randomly situated throughout the shoe department at the time of Mrs. Sheetz's fall. (Id. at 7.) Plaintiffs also object to Defendant's characterization of such evidence as indicative of a subsequent remedial measure under Federal Rule of Evidence 407, and posit that the photograph falls within the exception to Rule 407's prohibition against introducing evidence of subsequent remedial measures where offered to prove the feasibility of precautionary measures if controverted.

As it concerns the question of relevancy, a number of evidentiary principles guide the Court's consideration of the evidence at issue. The Federal Rules of Evidence "can aptly be characterized as . . . rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth." Univac Dental Co. v. Dentsply Int'l, Inc., 268 F.R.D. 190, 196 (M.D. Pa. 2010). The "inclusionary quality" of the evidentiary rules is embodied by Rules 401, 402, and 403. Id. Pursuant to Rule 401, evidence is relevant where it has "any tendency to make a fact more or less probable than it would be

without the evidence," and that "fact is of consequence in determining the action." Fed. R. Evid. 401. Expounding on the Rule's expansive definition of relevance, the Advisory Committee Notes indicate that "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, Advisory Committee Note. Therefore, a court's relevancy determination will depend upon the purpose for which the evidence at issue is offered. Rule 402 governs the admissibility of relevant evidence, instructing that "[a]ll relevant evidence is admissible, except as otherwise provided . . . by these rules . . . ." Fed. R. Evid. 402. Under Rule 403, however, relevant evidence may be subject to exclusion if "its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 requires the court to weigh the degree of relevance against certain countervailing factors.

Informed by these rules, the Court is unpersuaded that the photograph constitutes relevant habit evidence under Federal Rule of Evidence 406, as Plaintiffs so argue. Federal Rule of Evidence 406 states:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion as in conformity with the habit or routine practice.

Fed. R. Evid. 406. The purpose of habit evidence is "'to fill the gap in direct evidence about what [an organization] did on a specific occasion with circumstantial evidence sufficient to reasonably allow one to conclude that the[organization] probably acted in conformity with [its] usual pattern on the occasion in question.'" York Int'l Corp. v. Liberty Mut. Ins. Co., 140 F. Supp. 3d 357, 362 (M.D. Pa. 2015) (citation and quotation marks omitted). The Advisory Committee Note to Rule

3

406 defines habit as the "regular practice of meeting a particular kind of situation with a specific type of conduct . . . ." Fed. R. Evid. 406, Advisory Committee Note (quoting McCormick on Evidence, § 162, p. 340). As acknowledged by the Advisory Committee, however, "[t]he extent to which instances must be multiplied and consistency of behavior maintained in order to rise to the status of habit inevitably gives rise to differences of opinion," and while "adequacy of sampling and uniformity of response are key factors, precise standards for measuring their sufficiency for evidence purposes cannot be formulated." Fed. R. Evid. 406, Advisory Committee Note. Relying on the Advisory Committee Note to Federal Rule of Evidence 406, courts in this Circuit have "carefully scrutinized" evidence offered as examples of habit to ensure that such evidence establishes a "'degree of specificity and frequency of uniform response" that reflects "more than a mere tendency to act in a given manner." York Int'l Corp., 140 F. Supp. 3d at 362 (citation omitted).

Tested against the above standards, it is apparent that Rule 406 does not permit the introduction of the photograph at trial. First, the photograph of the grouped shoe benches, alone, is simply not evidence of a routine practice on the part of Wal-Mart. While Plaintiffs insist that the photograph supports the testimony of Ms. Lucas that Wal-Mart randomly positioned shoe benches throughout the shoe department, the Court's review of the deposition transcript of Ms. Lucas, attached as an exhibit to Plaintiffs' response, reveals that Ms. Lucas did not attest to Wal-Mart's practice of randomly configuring the shoe benches throughout the department, let alone to any particular routine of arranging benches together at the end of the aisle. Indeed, the deposition testimony does not provide any insight into Wal-Mart's purportedly random, continuous system of placing its shoe benches throughout the shoe department before, during, and after Ms. Sheetz's fall, as would establish the "degree of specificity and frequency of

4

uniform response" required for a routine practice. In the absence of other evidence of systematic conduct that would support an inference that the shoe benches were routinely configured randomly, the photograph is nothing more than a snapshot of conduct performed on a particular occasion, and thus, is not relevant within the meaning of Rule 406. Second, and more importantly, Defendant has represented in its reply brief that it "does not dispute that it placed shoe benches throughout its shoe aisles at the time of [Mrs. Sheetz's] fall." (Doc. No. 59 at 2.) Thus, even assuming, arguendo, that the photograph is admissible to prove that Wal-Mart acted in conformity with its usual pattern of randomly positioning its shoe benches throughout the shoe aisles on the occasion in question, its probative value is nevertheless substantially outweighed by the danger of presenting needlessly cumulative evidence, given that there is no dispute as to the presence of the shoe benches in the shoe aisles at the time Mrs. Sheetz fell. Accordingly, the Court will grant Defendant's motion in limine (Doc. No. 44), insofar as it will preclude Plaintiffs from introducing the photograph as habit evidence under Rule 406.

**AND NOW**, on this 22nd day of November 2017, in accordance with the foregoing, **IT IS ORDERED THAT** Defendant's motion in limine (Doc. No. 44), is **GRANTED** without prejudice to the Plaintiffs' ability to seek admission of this evidence on other grounds at trial, should trial developments warrant such an approach.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania