IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICIA A. SHEETZ, et al., :
    Plaintiffs :
: No. 4:15-cv-02210
    v. :
: (Judge Kane)
WAL-MART STORES, EAST, L.P., :
    Defendant :

**MEMORANDUM**

Presently before the Court is Defendant Wal-Mart Stores, East, L.P.'s ("Defendant"), motion in limine to preclude Plaintiffs Patricia A. Sheetz ("Mrs. Sheetz"), and her husband Richard H. Sheetz, Jr. (collectively referred to herein as "Plaintiffs"), from introducing the testimony of Plaintiffs' medical expert, Dr. Ronald DiSimone ("Dr. DiSimone"), at trial pursuant to Federal Rule of Civil Procedure 37(c)(1). (Doc. Nos. 72, 73.) Defendant urges the Court to exclude Dr. DiSimone's testimony as a sanction for Plaintiffs' failure to timely comply with the expert witness pretrial disclosure requirements set forth in Rule 26 of the Federal Rules of Civil Procedure. For the reasons provided herein, the Court will deny Defendant's motion in limine.

**I.    BACKGROUND**

By way of providing context to this motion in limine, Defendant has detailed the procedural history of this case as follows. On February 19, 2016, in response to Defendant's propounded interrogatories, which included the request that Plaintiffs identify each expert they expected to call at trial, Plaintiffs indicated that "[i]t is expected that a safety expert and an accident reconstruction expert will be retained." (Doc. No. 72 at 3.) According to Defendant, "[a]t no point during discovery did Plaintiffs supplement or amend this [a]nswer to include the identity of a non-treating medical expert." (Id.) On February 23, 2016, the Court entered a Case Management Order establishing September 13, 2016 as the deadline for the submission of expert

1

reports. (Doc. No. 10.) On September 15, 2016, two days after the expert report deadline expired, Plaintiffs' counsel contacted counsel for Defendant and requested an extension of thirty (30) days to produce the expert report of Fred B. Hurvitz, Plaintiffs' proffered liability expert, to which Defendant did not object. (Doc. No. 72 at 4.) Plaintiffs' counsel indicated at that time that he intended to call Dr. James Martin ("Dr. Martin"), Mrs. Sheetz's treating orthopaedic surgeon, to testify at trial. (Id.) During that exchange, Defendant's counsel also inquired as to whether Plaintiffs would object to having Mrs. Sheetz submit to an independent medical examination ("IME"), by Dr. Richard I. Katz ("Dr. Katz"), for preparation of a medical expert report, given that the expert report deadline had since passed.[1] (Id. at 5.) Counsel for Plaintiffs expressed no objection to Defendant belatedly producing its expert report, which was later received on April 5, 2017.[2] (Id. at 6.) Rather, Plaintiffs opted to file a motion in limine to exclude or limit the expert report and testimony of Dr. Katz on April 28, 2017. (Doc. No. 25.)

In an Order dated May 2, 2017, the Court summarily denied Defendant's motion for summary judgment filed on November 8, 2016, and referred the matter for settlement. (Doc. No. 29.) In its Order, the Court stayed all remaining cases management deadlines and continued the trial scheduled to commence on June 5, 2017 pending the outcome of settlement discussions. (Id.) On July 11, 2017, the Court received notice that settlement had not been reached in the above-captioned matter, which prompted the scheduling of a telephone conference with the parties to set remaining case management deadlines. (Doc. No. 34.) On July 31, 2017, prior to

---

[1] Plaintiffs' recitation of the events forming the basis of this motion appears to differ from that of Defendant. Specifically, Plaintiffs insist that at no point during this conversation in September did Defendant's counsel request that Mrs. Sheetz submit to an IME. Rather, according to Plaintiffs, Defendant's counsel waited until February of 2017 to request the IME. (Doc. No. 77 at 3.)

[2] On January 24, 2017, Defendant filed a motion requesting a ninety-day continuance of all trial-related deadlines due to a scheduling conflict (Doc. No. 23), which this Court promptly granted, rescheduling trial for June 5, 2017. (Doc. No. 24.)

the scheduled telephone conference, Plaintiffs' counsel notified Defendant that Mrs. Sheetz would be undergoing an IME with Dr. Ronald DiSimone, an orthopaedic surgeon, on August 14, 2017. (Doc. No. 72 at 7.) Upon hearing from the parties on Defendant's objections to Plaintiffs' "eleventh-hour IME with Dr. DiSimone," at the telephone conference held on August 7, 2017, the Court directed Plaintiffs to proceed with the IME as scheduled, and advised Defendant to file a motion in limine upon receipt of Dr. DiSimone's expert report. (Id. at 8.) Defendant claims that it did not receive Dr. DiSimone's report until September 27, 2017—approximately one month before trial. (Id.) Days later, on October 4, 2017, Defendant participated in a video deposition of Dr. DiSimone with a standing objection on the record that it would be moving to preclude Dr. DiSimone's testimony at trial. (Id. at 9 n.2.) It against this procedural backdrop that Defendant has brought the instant motion to exclude the testimony of Dr. DiSimone at trial in accordance with Federal Rule of Civil Procedure 37. Having been fully briefed (Doc. Nos. 72, 73, 77), this matter is now ripe for disposition.

## II. LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure "clearly contemplate[s] the exclusion of untimely or improper expert disclosures (and the concomitant exclusion of expert testimony)" as an available sanction for a party's failure to comply with the rules of discovery or pretrial orders. Withrow v. Spears, 967 F. Supp. 2d 982, 1000 (D. Del. 2013); Fed. R. Civ. P. 37. Specifically, Rule 37(c) provides, in relevant part:

> (1) If a party fails to provide information or identify a witness as required by Rule 26(a) [3] or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

---

[3] The disclosure of expert testimony is governed by Federal Rule of Civil Procedure 26(a)(2)(B).

3

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1)(A)-(C). Courts in this Circuit have defined "substantial justification" as "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance." Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119 (3d Cir. 2009) (quoting Tolerico v. Home Depot, 205 F.R.D. 169, 175-176 (M.D. Pa. 2002)).  A "harmless" failure "involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." Tolerico, 205 F.R.D. at 176.  "The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless." Id. at 175.

The imposition of sanctions for discovery violations described in Rule 37 that are neither substantially justified nor harmless is a matter consigned to the trial court's discretion and "'will not be disturbed on appeal absent a clear abuse of discretion.'" Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997) (quoting Semper v. Santos, 845 F.2d 1233, 1238 (3d Cir. 1988)).  Four factors inform the district court's exercise of its discretion in determining whether trial counsel's failure to adhere to pretrial expert disclosure requirements warrants the extreme sanction of exclusion of testimony at trial:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

Meyers v. Pennypack Woods Home Ownership Assn., 559 F.2d 894, 904–05 (3d Cir. 1977), overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985), aff'd, 482 U.S. 656 (1987). In addition to these factors, the United States Court of Appeals for the Third Circuit has advised that the trial court consider "the importance of the excluded testimony" in its assessment of the allegedly untimely or improper expert disclosure. Id.; see Sowell v. Butcher & Singer, Inc., 926 F.2d 289, 302 (3d Cir. 1991) (noting that the Circuit has consistently applied "the importance of the excluded testimony" as a factor for evaluating whether the district court properly exercised its discretion in excluding witness testimony). While the Third Circuit has recognized exclusion of expert witnesses as an appropriate Rule 37 sanction for a party's failure to disclose the identities of its testifying expert witnesses or supply expert reports by the court-ordered deadline, it has likewise cautioned against imposing such "an extreme sanction" where the violation at issue amounts to a "slight deviation" from pretrial notice requirements, or where the violation occasions only "slight prejudice" to the movant. In re Paoli R.R. Yard PCB Litig. (Paoli II), 35 F.3d 717, 791-92 (3d Cir. 1994) (internal quotation marks and citations omitted) (noting that exclusion of critical evidence may be justified where there has been a showing of "willful deception or flagrant disregard of a court order by the proponent of the evidence").

## III. DISCUSSION

As noted above, Defendant moves to exclude the testimony of Dr. DiSimone pursuant to Federal Rule of Civil Procedure 37(c)(1). As a threshold matter, the Court finds that Dr. DiSimone's expert report, submitted on September 27, 2017, nearly a month before the November 6, 2017 trial, is patently untimely. Consequently, as noted above, sanctions may be appropriate under Federal Rule of Civil Procedure 37 where the failure to timely produce the

5

expert report of a testifying witness is neither substantially justified nor harmless. Needless to say, Plaintiffs have not satisfied their initial burden of demonstrating that their failure to timely submit the expert witness report was substantially justifiable or harmless in nature. Plaintiffs' justification that they only realized the need for an IME after Defendant furnished a copy of the expert report of Dr. Katz on April 28, 2017, and when "it became obvious that the matter was going to go to trial," is entirely unavailing and belied by the record, which reflects an understanding from Plaintiffs at the outset of litigation that "Patricia Sheetz had not been examined by an orthopedic surgeon since March 27, 2014, and [that] her current condition would be an issue in the trial." (Doc. No. 77 at 5; see Doc. Nos. 1 at 5 ("[Mrs.] Sheetz[ ] has suffered, still suffers and will continue to suffer great pain and suffering for an indefinite time in the future and which has and will continue to prevent her from attending to her daily duties and occupations for an indefinite time in the future."); 9 at 3 ("She continued with her treatment with Dr. James Martin through March 27, 2014.")). Indeed, the preparation of Plaintiffs' medical expert report was not dependent upon Defendant's cooperation or upon the submission of Dr. Katz's report as to Mrs. Sheetz's current condition. Given the lack of a sufficient explanation for the belated submission, the Court is compelled to address whether the extreme sanction of exclusion of such testimony is warranted under the circumstances.

Notwithstanding Plaintiffs' failure to comply with the expert disclosure requirements and the February 23, 2016 Case Management Order by submitting a timely written report of Dr. DiSimone, the Court finds that, on balance, the Meyers factors weigh against the imposition of Rule 37 sanctions in the form of exclusion of Dr. DiSimone's testimony at trial.[4] As it relates to

---

[4] Curiously, Defendant seeks to hold Plaintiffs accountable for their failure to comply with the Court's February 23, 2016 Case Management Order setting September 13, 2016 as the deadline for expert reports when in fact, Defendant itself did not technically comply with the Court-ordered deadline, producing the expert report of Dr. Katz nearly seven (7) months after the

the first three factors (prejudice to Defendant, inability to cure said prejudice, and the disruption to the Court's trial schedule), the Court's sua sponte continuance of the jury trial in this matter from November 6, 2017 until February of 2018 due to a scheduling conflict effectively minimizes any prejudice that would have befallen Defendant had trial proceeded on November 6, 2017. Indeed, Defendant will now have the opportunity to obtain rebuttal testimony to Dr. DiSimone's findings and opinions without protracting this litigation further. (See Doc. No. 72 at 17 ("The only way such prejudice could be cured would be to re-open discovery and allow Wal-Mart an opportunity to obtain a rebuttal report.")). Thus, it cannot be said that Defendant will be prejudiced or hindered in its ability to prepare an effective and complete trial strategy with the inclusion of this expert report.

As for the fourth Meyers factor, the Court cannot conclude that Plaintiffs' failure to timely identify and disclose the expert report at issue amounts to bad faith or willfulness. Notably, the record before the Court does not reflect a repeated failure on the part of Plaintiffs to comply with their discovery obligations or the Court's Orders. Perez v. Great Wolf Lodge of the Poconos LLC, No. 3:12-CV-01322, 2017 WL 559704, at *6 (M.D. Pa. Feb. 10, 2017) (finding that defendants exhibited bad faith or willfulness by repeatedly flouting orders of the court) (citing In re TMI Litig., 193 F.3d 613, 721 (3d Cir. 1999)).[5] While the Court appreciates

---

deadline, and approximately three (3) months prior to June 5, 2017 trial date. While the parties apparently conferred and agreed to extend the expert report deadline for Mr. Hurvitz and Dr. Katz after the Court-mandated deadline expired, no motion or formal stipulation reflecting the modified expert report deadline was ever filed with the Court. Thus, it is odd that Defendant urges the Court to enforce its Case Management Order and exclude the untimely expert report of Dr. DiSimone given its concession that the parties independently altered the expert report deadline in the Court's Order without apprising the Court of the same.

[5] The Court is unmoved by Defendant's narrative of this case's protracted procedural history, which casts Plaintiffs in the role of being the sole contributors to the delay in litigation. In particular, among the examples offered by Defendant of Plaintiffs' dilatory discovery conduct are that Plaintiffs "failed to produce a single pre-accident record in discovery, leaving Wal-Mart

Defendant's argument that Plaintiffs' "convenient" disclosure of Dr. DiSimone as an expert witness only after failed mediation suggests an element of gamesmanship, the timing of the disclosure, alone, does not permit the Court to find the type of willful deception or flagrant disregard that would warrant the imposition of Rule 37 sanctions, especially in light of the Court's three-month continuance of trial. (Doc. No. 72 at 13.) Finally, the Court finds that the fifth Meyers factor, requiring the Court to consider the importance of the testimony, further weighs against excluding the testimony of Dr. DiSimone at trial, given that Dr. DiSimone will testify as to Mrs. Sheetz's current condition and her mobility immediately preceding her fall based upon his review of Wal-Mart's surveillance video—matters that are clearly at issue in this litigation and are the subject of Defendant's medical expert report. Accordingly, the Court will deny Defendant's motion in limine to preclude the testimony and expert report of Dr. DiSimone at trial.[6]

---

to expend substantial time and money compiling [Mrs. Sheetz's] medical records," and "delayed signing the Geisinger medical authorization for several months, making it impossible for Wal-mart to obtain these records prior to the close of discovery and deadline for expert reports." (Doc. No. 72 at 15.) Insofar as Defendant claims that Plaintiffs were not complying with their discovery obligations in this case, counsel could have requested the Court's intervention in this action earlier to avoid any further delay.

[6] Defendant has posed an alternative argument in its motion in limine—that the Court should preclude Dr. DiSimone from offering any opinions about Mrs. Sheetz's neurological condition and injury, as such testimony falls beyond the purview of his expertise as an orthopedic surgeon. (Doc. No. 72 at 20.) Having considered this argument, the Court finds that such challenge to Dr. DiSimone's testimony bears on the weight of the testimony rather than its admissibility. Thus, the Court will deny the motion in limine on this basis. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") (citation omitted).

## IV. CONCLUSION

Based upon the foregoing, the Court will deny Defendant Wal-Mart Stores, East, L.P.'s motion in limine.  (Doc. No. 72.)  An appropriate Order follows.