# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA A. SHEETZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 4:15-CV-02210 <br><br> (MEHALCHICK, M.J.) |

## **MEMORANDUM**

Before the Court is a renewed motion *in limine* to preclude the testimony of Plaintiff's medical expert, Dr. Ronald E. DiSimone, pursuant to Federal Rule of Civil Procedure 37(c)(1) and 37(b)(2)(A). (Doc. 94). The Court previously denied the Defendant's earlier motion *in limine* with regard to Dr. DiSimone, in which Defendants argued that Dr. DiSimone's testimony should be precluded as Dr. DiSimone was not identified as a potential medical expert in a timely manner, and initial disclosures were not amended to include Dr. DiSimone. (Doc. 88; Doc. 89).

In the Order denying the Defendant's motion, the Court Ordered Plaintiffs Patricia and Richard Sheetz to provide the testimonial history of Dr. DiSimone by December 6, 2017. (Doc. 89). On December 6, 2017, counsel for the Plaintiffs responded with an affidavit from Dr. DiSimone, wherein Dr. DiSimone states that he does not keep records of his testimonial history. (Doc. 91). On February 12, 2018, the Defendants renewed their motion *in limine*, arguing that the failure to provide a testimonial history for a proffered expert violates the Federal Rules of Civil Procedure and that Dr. DiSimone's testimony should be precluded under Rule 37 based on the factors articulated in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559

F.2d 894, 904-905 (3d Cir. 1977) despite the "extreme" nature of such a sanction. Given the time constraints affecting this action, the targeted nature of this motion, and the familiarity of the parties with the facts of this case, the Court writes a in a truncated manner to avoid further delay.

The Federal Rules of Civil Procedure require a party who retains an expert witness to provide a written report to the opposition containing specific information regarding the witness, including "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition[.]" FED. R. CIV. P. 26(a)(2)(B)(v). Under Rule 37(c), a party failing to comply with Rule 26(a) is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1). Plaintiffs argue that their failure to provide a testimonial history is substantially justified because Dr. DiSimone does not keep such a record and has never been required to provide one before, and in any event the failure to disclose the information is harmless because he is testifying to the specific facts of this case such as treatment received by Sheetz as opposed to a more generalized discussion. (Doc. 97).

The Court finds that prior non-compliance with Rule 26(a) does not constitute substantial justification for a failure to comply in this case. The fact that Dr. DiSimone does not keep a record of his testimonial history does not prevent him from attempting to create one, especially when Ordered by the Court to do so months ago. *See Bethel v. U.S., ex rel. Veterans Admin. Med. Ctr. of Denver, Colo.*, No. 05-CV-01336, 2007 WL 1732791, *6 (D.Colo. June 13, 2007) ("[s]elf-induced inability to comply with a rule is not justified.") (citing *Norris v. Murphy*, No. Civ.A. 00-12599, 2003 WL 21488640 (D.Mass. June 26, 2003)). There does not appear to be any dispute that Dr. DiSimone has testified as an expert within the last four years.

The language of Rule 26(a) is unambiguous and other courts have held the party retaining the expert accountable for the failures in compliance by the expert themselves.

> A party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26. The adverse party should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of an expert who cannot or will not make the required disclosures. The selection and retention of an expert witness is within the control of the party employing the expert. To the extent that there is a disadvantage created by the expert's failure to disclose it must be borne by the party retaining the expert witness.

*Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 681 (D.Kansas 1995).

"[A]ttorneys should not retain experts to testify in federal court without obtaining, at the outset, assurances that the expert has the information at his disposal which is required to be included in the expert report required by that rule." *Norris*, 2003 WL 21488640, at *4.

Nor can the Court conclusively declare non-compliance harmless. The amendment notes introducing the expert disclosures into Rule 26 reflect the intention to afford "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." The Plaintiffs argue that the Defendant had the opportunity to conduct cross examination on Dr. DiSimone's testimonial history at his deposition. However, this assertion ignores the fact that the Defendant had no information with which to conduct any meaningful questioning.

Further, a dispute arose with regard to Dr. DiSimone because his specialty is orthopedics as opposed to neurological disorders such as Parkinson's Disease, which is identified as a causal factor by the Defendant's expert, Dr. Bennett. (Doc. 97-3). Because there was already an issue with the nature of Dr. DiSimone's testimony, adequate disclosure of prior testimonial history is paramount to effective cross examination. The failure to disclose this

information prevents the Defendant from conducting any meaningful research into prior scope of testimony by Dr. DiSimone, the acceptance of similar testimony by Dr. DiSimone in other cases, etc.

Courts apply the *Meyers* factors to evaluate whether expert exclusion is warranted. *See McGovern v. Correct Care Sols., LLC.*, 2018 U.S. DIST. LEXIS 18871, *12 (W.D. Pa. Feb. 5, 2018). These factors are:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977). The Third Circuit has instructed trial courts to "consider 'the importance of the excluded testimony' in its assessment of the allegedly untimely or improper expert disclosure." *McGovern*, 2018 U.S. Dist. Lexis. 18871, at *12-13.

Upon evaluation of these factors, the Court exclusion warranted. Deposition of Dr. DiSimone has already occurred. Trial is not only scheduled but imminent, and has previously been continued on more than one occasion. Further, Dr. DiSimone is not anticipated to be present at trial. Rather, his video deposition and reports appear to be the extent of his expected involvement. Thus, there is no opportunity to cross examine him on his history. Additionally, the Court ordered provision of this information four months ago. While Defendant does not allege bad faith in non-compliance, the Court agrees that it does not appear any real effort was made to comply with Rule 26 or this Court's Order. Further, the Court finds Dr. DiSimone's

flagrant disregard for the rules related to expert testimony, and the Court's previous Order to be troublesome.

However, mindful that Dr. DiSimone's testimony may prove important to the outcome of the case, the Court will afford one final opportunity to comply with the disclosure requirements of Rule 26, and allow for cross examination of Dr. DiSimone on those disclosures, or his lack thereof. As such, Defendant's motion is **GRANTED IN PART**. Plaintiffs are directed to produce Dr. DiSimone for a second video deposition prior to trial and for use at trial, at a time convenient to Defendant and with all costs associated with the deposition to be borne by Plaintiffs and Dr. DiSimone.[1] Prior to that deposition, Dr. DiSimone should provide the list of cases in which Dr. DiSimone has testified in the last four years, pursuant to FED. R. CIV. P. 26(a)(2)(B)(v), if he is able to provide the same. Failure to comply with this Order will result in the exclusion of Dr. DiSimone's testimony at trial. Dr. DiSimone's failure to maintain a list of cases in which he testifies does not constitute substantial justification for non-compliance with the Order docketed concurrently with this Memorandum.

An appropriate Order follows.

**Dated: March 23, 2018**                              *s/ Karoline Mehalchick*
                                                       **KAROLINE MEHALCHICK**
                                                       **United States Magistrate Judge**

---

[1] At this juncture, the Court is unable to determine who is ultimately responsible for the failure to comply and as such leaves it to Plaintiffs, counsel, and Dr. DiSimone to determine who should ultimately bear this cost, but will entertain further motions on that issue if necessary.