# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA A. SHEETZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 4:15-CV-02210 <br><br> (MEHALCHICK, M.J.) |

## MEMORANDUM

Before the Court is a motion to declare that Plaintiff Patricia A. Sheetz is incapable of testifying at trial in this personal injury action. The motion, filed October 20, 2017, states that due to Sheetz's multiple impairments and deteriorating condition she would be unable to testify and may not even be able to attend trial. (Doc. 75). In support, Plaintiffs provide a declaration from Sheetz's treating physician, Dr. Boris Gabinskiy, who opines that she would "not be able to [withstand] court proceeding[s] due to mental instability and difficulties [coping] with stress." (Doc. 75-1). Plaintiffs state that the use of Sheetz's deposition should be available to either party as an alternative. (Doc. 75). The Defendants argue that Dr. Gabisnkiy's "generic" statement is insufficient to overcome the facts that Sheetz: chose to pursue this action and did so in this particular venue; has never been declared incompetent, and; actively participated in all proceedings up to the date of filing. (Doc. 80).

Both parties reiterated their respective positions at a conference call held on March 27, 2018. Plaintiffs' counsel stated that Sheetz remains unable to testify, as her impairments continue to require round-the-clock care from her husband and co-Plaintiff Richard Sheetz, and that there are serious doubts as to her ability to attend any part of trial. Defense counsel

reiterated credibility and competency are not the same, and that the concern on Sheetz's ability to testify is about her credibility. While Defendant is correct in this assertion, the Court's concern is with infirmity rather than competence or credibility. No doctor has declared Sheetz incompetent, but her treating physician has opined that she cannot medically testify at trial.

Under the Federal Rules of Civil Procedure and Federal Rules of Evidence, deposition transcripts may be used at trial where a witness is unavailable due to infirmity, physical illness, or mental illness. FED. R. EVID. 804(a)(4); FED. R. CIV. P. 32(a)(4)(C). Deposition testimony may only be presented if the opposing party had the opportunity to conduct proper direct, cross, or redirect examination. FED. R. EVID. 804(b)(1)(B); FED. R. CIV. P. 32(a)(1)(A). The burden is on the party seeking to declare a witness unavailable by reason of infirmity or illness to provide objective medical support for the assertion. *See Complaint of Bankers Trust Co.*, 752 F.2d 874, 888 (3d Cir. 1984). The declaration of a medical professional will suffice and "[n]o more is required." *Finzie v. Principi*, 69 F. App'x 571, 573 (3d Cir. 2003) (not precedential).

The Court is not trained to offer medical judgment and must rely on the statements of capable physicians. In considering a witness unavailable due to infirmity or illness, courts should consider the severity and duration of an illness. *United States v. McGowan*, 590 F.3d 446, 455 (7th Cir. 2009). These same concerns govern the discretionary decision even when the witness is a party. *See Elsevier, Inc. v. Comprehensive Microfilm & Scanning Serv's, Inc.*, No. 3:10-CV-02513, 2013 WL 5797639, *2 (M.D. Pa. Oct. 28, 2013). While the medical opinion on Sheetz's ability to testify at trial is now five months old, the indisputably severe and chronic nature of Sheetz's impairments certainly warrants deference to the continued position of unavailability. Credibility inferences that may arise on an in-person cross-examination do not

outweigh the medical concerns that may also come from testimony. *Elsevier, Inc.*, 2013 WL 5797639, at *2.

Further, the deposition testimony of Plaintiff Patricia Sheetz fits the exceptions allowing for presentation of the transcripts in her place. Both parties not only had notice of the deposition, but participated therein.[1] Under the circumstances, the Court finds that deposition transcripts may be introduced under the applicable Federal Rules of Evidence and Civil Procedure. Due to medical concerns, Plaintiff's motion to declare that Patricia A. Sheetz is incapable of testifying at trial is **GRANTED**.

An appropriate Order follows.

**Dated: March 28, 2018**    *s/ Karoline Mehalchick*
                                                         **KAROLINE MEHALCHICK**
                                                         **United States Magistrate Judge**

---

[1] During the telephone conference where the motion was discussed, Plaintiff's counsel indicated that he did not conduct any questioning of the Plaintiff during the deposition. However, the Court cannot find any prejudice in the usage of deposition transcripts given that the party more harshly deprived of the opportunity to conduct questioning at trial was the movants themselves, and given that the movant was present and able to question Plaintiff at the deposition.